'(May 12, 1891.)'

## ADVANCE THRESHER COMPANY v. WHITESIDE.

### [26 Pac. 660.]

CHATTEL MORTGAGE—FORECLOSURE BY NOTICE AND SALE—ACTION FOR DEFICIENCY.—The plaintiff held a chattel mortgage given by defendant to secure the payment of three certain promissory notes made by defendant, for purchase price of certain personal property.

FORECLOSURE—DEFICIENCY.—Default having been made by defendant in the condition of mortgage, plaintiff foreclosed by notice and sale as provided by statute. The return of the sheriff showed a deficiency of some $900, to recover which amount plaintiff brings this action. To a complaint setting forth all the details of the transaction, including the foreclosure sale and report of sheriff showing deficiency, in proper form, defendant enters a general demurrer, which was sustained by the court. Held, that the action was properly brought, and that the action of district court in sustaining demurrer to complaint was error.

(Syllabus by the court.)

APPEAL from District Court, Latah. County.

Forney & Tillinghast, for Appellant.

A judgment rendered against a defendant without notice to him or an appearance by him is without jurisdiction, and is utterly and entirely void. (1 Black on Judgments; 220; *Pennoyer v. Neff*, 95 U. S. 727; *St. Clair v. Cox*, 106 U. S. 353, 1 Sup. Ct. Rep. 354; *Freeman v. Alderson*, 119 U. S. 188, 7 Sup. Ct. Rep. 165.) ·The power of the clerk to enter judgment without the order of the court is derived from the

statutes, and the existence of all the facts which the law requires to authorize the entry must therefore appear. (*Providence Tool Co. v. Prader,* 32 Cal. 634, 91 Am. Dec. 598; *Kelly v. Van Austin,* 17 Cal. 565; *Stearns v. Aguirre,* 7 Cal. 443.) The clerk has no power to enter judgment out of term when process is not personally served on the defendant. (*McConkey v. McCraney,* 71 Wis. 576, 37 N. W. 822; *Northrup v. Shephard,* 26 Wis. 220; *Moyer v. Cook,* 12 Wis. 335.) After sale at public auction under statutory proceedings to foreclose by notice and sale, or under provisions contained in the mortgage, the mortgagee, after applying the proceeds of the sale upon the debt, may sue for any deficiency. (*Lee v. Fox,* 113 Ind. 98, 14 N. E. 890; Jones on Chattel Mortgages, 711; *Manufacturing Co. v. Lewis,* 30 Kan. 541, 1 Pac. 812; *Case v. Boughton,* 11 Wend. 107; *Morgan v. Plumb,* 9 Wend. 288; *Olcott v. Tioga R. Co.,* 40 Barb. 179; *In re Haake,* 2 Saw. 231, Fed. Cas. No. 5883.)

D. C. Mitchell, for Respondent.

There can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real estate or personal property. (Code, sec. 4520; *Ould v. Stoddard,* 54 Cal. 613; *Bartlett v. Cottle,* 63 Cal. 366.)

HUSTON, J.—This is an appeal from an order and judgment of the district court for the county of Latah, sustaining defendant's demurrer to the complainant's complaint. The facts as they appear from the record are substantially as follows: On the nineteenth day of September, 1890, at Moscow, Latah county, Idaho, the defendant made and delivered to plaintiff his three promissory notes—one being for the sum of $750, payable on the 1st of November, 1890; and the other two being each for the sum of $725, one payable the first day of November, 1891, and the other the first day of November, 1892. Said notes were given in payment for a threshing-machine, engine, etc., bought of the appellant by the respondent. Contemporaneous with the execution and delivery of said notes the defendant, for the purpose of securing the payment of the same, made, executed, and delivered to the plaintiff a chattel mortgage, in the usual form, and also a written

agreement to which was attached one of the aforesaid notes, by the terms of which agreement the defendant agreed to deliver to the plaintiff certain other security in addition to said chattel mortgage, namely, certain bankable notes, to be taken from farmers for threshing to be done by the defendant to the amount of fifty dollars for each week from October 3, 1890, to the first day of November, 1890. It was also agreed in the said agreement that, in case the additional security mentioned therein was not delivered upon demand made by appellant upon respondent, and upon five days' notice of such demand, and failure upon the part of the respondent to so deliver the said security, the said three promissory notes should become immediately due and payable. The complaint alleges that demand was made and notice given, and that the respondent failed and refused to deliver the security so agreed to be delivered. - Default having been made by the defendant in complying with the conditions of the chattel mortgage, the plaintiff proceeded to foreclose the same, as provided by statute; and on the twenty-ninth day of October, 1890, sold the property at public auction for the sum of $1,500. The sheriff, after deducting his fees, paid the balance of the proceeds of such sale to the plaintiff, the mortgagee in said chattel mortgage. There being an unpaid balance due upon the notes and mortgage, after applying the proceeds of the sale aforesaid, the plaintiff brings this action to recover the same. The foregoing facts are set forth in the complaint of the plaintiff, to which the defendant demurs, upon the ground that the same does not state facts sufficient to constitute a cause of action, and from the action of the district court in sustaining such demurrer this appeal is taken. The contention of respondent is that the plaintiff, in bringing his action for the recovery of the deficiency, has mistaken his remedy. The statutes of Idaho provide how chattel mortgages may be foreclosed in this state, namely, either by notice and sale, as was done in the case under consideration, or by action in the district court. When the former course is adopted, the officer making the sale is required to make return upon the affidavit of all his proceedings, and file the same with the clerk of the district court having jurisdiction in the county in which the same was made,

all of which was done in the present case; and from the return
of the officer so made it appeared that, after applying the pro-
ceeds derived from the sale of the mortgaged property upon
the mortgage debt, there still remained a deficiency of some-
thing over $900. The statutes of Idaho provide, in the case
of foreclosure of a mortgage on real estate, for the docketing
of a judgment in favor of the plaintiff, and against the de-
fendant or defendants personally liable for the debt; but this
provision does not apply in case of a foreclosure of a chattel
mortgage by notice, affidavit, and sale. How, then, was the
plaintiff to recover the deficiency? We know of no other
proper course, except the one adopted by it. All the rights
of the defendant were fully protected. Any defense he might
have, or desire to make, to the foreclosure proceedings, was
permissible in this action, and we cannot divine what reason-
able objection could be raised to it. By the terms of the chat-
tel mortgage and contemporaneous written agreement, upon
default in any of the conditions all three notes were to become
due. The judgment of the district court is reversed, and the
cause remanded, costs to appellant.

Sullivan, C. J., and Morgan, J., concur.